UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| C.S., a minor, by and through his mother, SONYA STOKES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KING COUNTY,<br><br>Defendants. | CLASS ACTION<br><br>No.<br><br>COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF |

## I.   PRELIMINARY STATEMENT

1.1   This class-action civil-rights lawsuit challenges King County's pervasive policy and practice of holding children who have not been convicted of any crime in long term solitary confinement ("isolation") at King County's Maleng Regional Justice Center ("RJC") and the Defendants' denial of an adequate education to every child held at the RJC.

1.2   Despite a scientific consensus that solitary confinement places children at risk of serious emotional, psychological and physical harm, King County has embraced the frequent and arbitrary use of solitary confinement.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF- Page 1

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 464-0838 (phone); (206) 382-3386 (fax)

1.3     King County regularly confines children incarcerated at the RJC alone in miniscule, barren cells for 23 or 24 hours a day. King County holds children in isolation cells for weeks or months on end.

1.4     These children, many of whom already have mental illnesses, have little to nothing to do in their cells: no meaningful human interaction, little to no education or programming, no music or television, and very few reading materials. Even when allowed out of their cells, children in isolation are alone in the day room. Any "recreation" the children in isolation receive takes place alone in an empty, concrete pen.

1.5     Isolating children so that they have minimal meaningful social contact causes trauma, depression, anxiety, and psychosis, increases the risk of suicide and self-harm, and permanently interferes with a child's psychological and social development. For children with mental illnesses or disabilities, the risk of harm from isolation is even greater because those illnesses or disabilities worsen.

1.6     Compounding the profound consequences of King County's wanton use of isolation, King County is also denying all children held at the RJC basic educational services and programming.

1.7     By holding children in isolation for long periods of time and refusing to provide them an adequate education, King County has violated and continues to violate the rights of all children held at the RJC; rights guaranteed them by the United States and Washington constitutions, the Individuals with Disabilities Education Act (IDEA) and other applicable laws.

1.8     Plaintiff seeks to certify a class of all children King County currently houses at the RJC and all children it will hold there in the future and asks the Court to issue declaratory

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF- Page 2

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838 (phone); (206) 382-3386 (fax)

and injunctive relief that will end the Defendants' unlawful policies and practices.

## II. PARTIES

**Defendants**

2.1   Defendant King County is the governmental entity that owns and operates the RJC and is responsible for the unlawful policies, practices and practices and customs challenged by Plaintiff, including those related to the use of isolation.

2.2   King County employees, agents or others operating at King County's direction are hereinafter referred to as "jail staff" or "jail staffperson."

2.3   King County is legally responsible for the actions or inactions described herein committed by any jail staffperson.

2.4   King County failed to properly train or supervise jail staff and failed to properly promulgate policies and standards to ensure that the RJC is operated in a lawful manner.

2.5   The actions or inactions described herein committed by King County or by jail staff were taken under color of state law and constitute state action for all purposes.

**Plaintiff**

2.6   The Plaintiff, C.S., represented by his mother, Sonya Stokes, is a minor under the age of 18, who has been injured by the Defendants' actions as described herein.

2.7   The terms child, children or youth as used herein all mean a person or persons under the age of 18.

## III. FACTS

*King County holds children in isolation cells for weeks and months on end.*

3.1   King County operates two jails designed to hold adults, the RJC and the King

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF- Page 3

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838 (phone); (206) 382-3386 (fax)

County Jail.

3.2     Located in Kent, Washington, the RJC is a courthouse complex and correctional facility. The jail portion of the RJC houses pre-trial detainees and people serving criminal sentences. It generally has a daily census of between 830 and 950 adults.

3.3     Under Washington law, any child charged with certain crimes who is 16 or 17 at the time of the alleged offense is automatically referred to the adult criminal justice system for the adjudication of the criminal charge.

3.4     Younger children may also be sent to the adult system, but only after a Superior Court Judge holds a hearing and determines that adult jurisdiction is appropriate.

3.5     By policy and practice, King County generally holds all children charged as adults in King County at the RJC pending resolution of their criminal cases. This has been the practice for a number of years.

3.6     Typically, King County holds 15 to 25 children at the RJC at any given time.

3.7     These children have not been convicted, but are detained at the RJC awaiting trial.

3.8     Depending on the nature of the charged offense, the County may detain a child in jail at the RJC for months or even years.

3.9     Nonetheless, King County holds many children at the RJC in isolation, alone in their cells, for days, weeks or months on end.

3.10    The children's isolation unit King County operates at the RJC consists of a few cells that are small and stark.

3.11    A typical cell is small and contains a stainless steel toilet, a sink, a mattress, and an overhead fluorescent light. The cell floors and walls are concrete. The cells have no windows

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF- Page 4

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838 (phone); (206) 382-3386 (fax)

to the outside nor does natural light enter them. The cell door is solid with narrow plexiglass windows. A "pass through" slot allows correctional officers to pass food and papers to the youth locked inside. The cells have no phones, radios, or televisions.

3.12   Children held in isolation spend typically 23 hours a day locked in their cells.

3.13   When children are allowed out of their cells, they are alone in the day room that adjoins their cell.

3.14   Often, King County fails to allow children out of their cells for even an hour a day.

3.15   On many occasions, children have been held for 47 or 48 hours at a time and even more without being allowed out of their cells.

3.16   On occasion, children, including the Plaintiff C.S., have been allowed out of their cells for only 15 minutes every three days.

3.17   Children held at the RJC are subject to adult discipline, including long term solitary isolation.

3.18   Correctional officers regularly take even the single hour away from children for alleged transgressions of RJC rules.

3.19   These decisions are often arbitrary and based on minor misbehaviors that are common for many teenagers, particularly those with mental health disabilities and those who have been confined alone in a cell with nothing to do for days or weeks on end.

3.20   Children have been placed in isolation for failing to meet dress code rules, mouthing off to correctional officers and other minor transgressions.

3.21   Not addressing a staff member by his proper title, annoying the staff, being loud,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF- Page 5

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 464-0838 (phone); (206) 382-3386 (fax)

or violating the dress code can result in weeks or months of isolation.

3.22 King County also holds children in isolation for reasons other than discipline.

3.23 King County holds children in "protective custody" isolation when there is a concern that a particular child may not be able to live alongside other children held at the RJC.

3.24 Children have been held in "protective custody" isolation for months because King County has not provided them with an alternative housing option that does not require isolation.

3.25 This "protective custody" isolation is identical to the "disciplinary housing" isolation that King County imposes on many children, as it entails at least 23 hours a day of isolation in a cell alone with no meaningful social interaction, environmental stimulation, or human contact.

3.26 King County has held children in these conditions at the RJC for weeks and months on end.

3.27 Children locked in King County's children's isolation unit have virtually no meaningful human interaction.

3.28 "Recreation" consists of being placed alone in a small, barren box with a concrete floor, concrete walls and little else.

3.29 Before being able to leave a cell for a visit with family, the child must place his hands through the metal slot in the door to be handcuffed.

3.30 Many children held in isolation are handcuffed and escorted by two correctional officers whenever they are visited by family or friends, further humiliating the child in front of their loved ones.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF- Page 6

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838 (phone); (206) 382-3386 (fax)

3.31   Children in the isolation cells cannot participate in recreational activities, such as basketball, cards or chess.

3.32   While in isolation, children are not allowed to order anything from the commissary. As a result, many children held in isolation report being hungry.

3.33   They are denied other privileges as well.

3.34   Additionally, children in isolation are regularly denied access to reading or writing materials or other items that would help them to pass the time while locked in their cells 23 hours per day.

3.35   They eat their meals alone in their cells.

3.36   They receive no meaningful education while in isolation.

3.37   Their one hour out is the only time when they can go outside to the rec yard, use the telephone, or take a shower. Even in the rec yard, they are alone and kept apart from other isolated children. Otherwise, they are locked alone in the cells.

3.38   Their requests for help and written grievances are routinely and regularly ignored by staff. Some are held weeks and months beyond the date which they are scheduled to be released from isolation.

3.39   Potentially dangerous for anyone, solitary confinement is especially harmful for children, who are still developing physically, psychologically, and socially.

3.40   King County has a special relationship with the children under its care.

3.41   As a result of this special relationship, King County has a duty to protect and maintain the health, safety and welfare of all the children it holds at the RJC.

3.42   Nonetheless, King County's use of isolation is inflicting serious harm on children

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF- Page 7

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 464-0838 (phone); (206) 382-3386 (fax)

and exposing them to a substantial risk of serious harm.

3.43 King County's use of isolation at the RJC has caused children to suffer from suicidal ideation or intent, anxiety, depressive symptoms, post-traumatic symptoms, and worsening behavior.

3.44 Children have reported feeling "crazy," depressed, and anxious from the lack of stimulation caused by isolation and the lack of contact with others.

3.45 Some are unable to sleep at night because of the anxiety and depression caused by being isolated for days at a time.

3.46 Their sleep is also troubled by the screams of adult inmates that they can hear through their vents throughout the night.

3.47 Children held in isolation at the RJC have threatened suicide.

3.48 King County has acknowledged that isolation harms children and has been informed about the injuries it is causing children by isolating them.

3.49 One of King County's current policies regarding the use of isolation at the RJC states that an "Inmate-patient[] under the age of 19" is a "contraindication" for the use of isolation.

3.50 Though its own policies indicate that isolation is inappropriate for children, nonetheless, King County routinely isolates children and does not provide adequate mental health services for children held in isolation.

3.51 Children in isolation do not receive mental health evaluations upon being placed in isolation cells or at any time during their confinement in them.

3.52 Children housed in King County's children isolation unit are not monitored by

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF- Page 8

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 464-0838 (phone); (206) 382-3386 (fax)

any qualified mental health professional.

3.53    No other counselor regularly or routinely inquires about the mental health or well being of the children held in King County's children isolation unit.

3.54    King County's on-going use of isolation has physically and psychologically injured many children and poses a substantial risk of serious harm to all children held at the RJC.

3.55    These injuries will continue absent court intervention.

***No Children Held at the RJC Receive an Adequate Education.***

3.56    Children held at the RJC have a constitutional right to an appropriate and adequate education.

3.57    Defendant King County has an obligation to ensure that all of the children under its care held at the RJC receive adequate educational services, including appropriate special educational services.

3.58    Children in isolation receive no more than a few minutes of face-to-face time with a instructor on school days during the school year.

3.59    However, no child at the RJC receives more than an hour of face-to-face instruction per day.

3.60    Only a single instructor is provided to all children at the RJC.

3.61    This one instructor provides services to children housed in three separate housing pods.

3.62    In the two general housing pods, the person provides groups of children no more than an hour of education a day.

3.63    Generally, the hour involves 10 or 20 minutes of discussion about a topic,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF- Page 9

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 464-0838 (phone); (206) 382-3386 (fax)

followed by individual work by the children on written work sheets.

3.64    Often the information on the work sheets is inappropriate; it is too difficult or too easy for the individual child. All children, regardless of grade level or comprehension, receive the same assignements and work packets.

3.65    Because the instructor does not see all of the children in each pod simultaneously, he or she must limit his or her teaching to only an hour per group in order to be able to travel between all of the pods, meet with the groups, and the individuals in isolation all within the 7 hour work day.

3.66    Some days the instructor does not come at all, without explanation or warning.

3.67    Children are not tested and receive no evaluation of the work that they complete.

3.68    Children at the RJC receive no educational services during the summer, holiday breaks, or on weekends.

3.69    Children received no educational services for the first several weeks of this school year because no instructor was available.

3.70    The federal Individuals with Disabilities in Education Act (IDEA) requires that eligible students receive special education services.

3.71    King County has an obligation to ensure that children under their care receive special educational services for which they are eligible.

3.72    Many of the children held at the RJC are eligible to receive special education services.

3.73    Many of them have existing Individual Educational Plans (IEPs) that were created by their home school districts before they were incarcerated.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF- Page 10

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 464-0838 (phone); (206) 382-3386 (fax)

3.74   IEPs are plans that all schools must create in collaboration with eligible students, their parents and school staff to address the special educational needs of students living with disabilities.

3.75   King County does not provide appropriate special educational services to the children at the RJC or ensure that they receive them.

*Children in Isolation Are Denied an Education Without Due Process of Law.*

3.76   As detailed above, the educational services provided to all of the children at the RJC are constitutionally inadequate. However, those provided to children held in isolation are particularly troubling.

3.77   Children in isolation receive even fewer educational resources and less face-to-face time with an instructor than students in the general population pods.

3.78   At most, children in isolation receive a few minutes of time per day with an instructor. They are then left to do paper worksheets alone in their cells.

3.79   Even the few minutes of face-to-face instruction occurs through the closed and locked steel cell door.

3.80   Children in isolation are not able to access even the hour of group instruction that is provided to other children in the general population pods.

3.81   It is King County's policy and practice to severely limit educational services solely because a child is placed in isolation.

3.82   King County denies children in isolation the limited educational services provided to those in general population, as well as related services and programming, without giving them notice or an opportunity to be heard, even though the reason for isolating the child may have

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF- Page 11

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838 (phone); (206) 382-3386 (fax)

nothing to do with their participation in educational activities.

3.83   When children are informed that they will be subject to isolation, the Defendants do not evaluate the impact of the discipline on their schooling.

3.84   Children receive no notice when placed in isolation that it will result in a denial of educational instruction or that they will be cut off from their regular class work.

3.85   Children placed in isolation receive no hearing at which they can challenge the denial of educational services as a result of their placement in isolation.

3.86   There is no process for reviewing the denial of educational services.

## IV.   FACTS REGARDING INDIVIDUAL PLAINTIFF

4.1   Plaintiff C.S. entered the RJC in April 2017.

4.2   C.S. is a person under the age of 18.

4.3   King County jail staff placed him in isolation in early August.

4.4   C.S. has been in isolation since that date and remains in isolation today.

4.5   Since August 2017, he has been locked alone in his cell for at least 23 hours a day.

4.6   He has been denied any time out of his cell on a number of occasions, meaning that he often remains alone in his cell for 47 or more straight hours.

4.7   Recently he was prescribed mental health medications because he is clinically depressed.

4.8   Long term isolation is causing C.S. and all children held in isolation ongoing, serious physical and psychological harm.

4.9   C.S. has also been denied an adequate education.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF- Page 12

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 464-0838 (phone); (206) 382-3386 (fax)

4.10 He currently receives only a few minutes of face-to-face instruction Monday through Friday.

4.11 The worksheets that he is provided are not appropriate for his educational level or his particular educational needs.

4.12 He receives no feedback or evaluations of his work.

4.13 He is not tested on his competency or understanding of the subject matter.

4.14 C.S. has received special education services in the past.

4.15 C.S. is currently eligible to receive special educational services and is in need of such services.

4.16 C.S. has an Individualized Educational Plan (IEP) or is in need of such a plan.

4.17 King County has not provided C.S. with the special education services he needs or ensured that he receives them.

4.18 King County has not engaged with C.S.'s mother regarding C.S.'s educational needs, his IEP, or his eligibility for special educational services.

4.19 King County has failed to provide C.S. or his mother with notice of his rights to receive special educational services.

4.20 C.S. was not provided notice that he would lose educational services as a result of being placed in isolation and did not receive a hearing to contest the loss of educational services as a result of being placed in isolation.

4.21 C.S. and the other children at the RJC are being injured as a result of the inadequate education they are receiving.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF- Page 13

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 464-0838 (phone); (206) 382-3386 (fax)

## V. CLASS ALLEGATIONS

5.1     Plaintiff brings this action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, and seeks declaratory and injunctive relief on behalf of a class of:

> All people under the age of 18 who are currently incarcerated at the Maleng Regional Justice Center or will be incarcerated there at any time in the future.

5.2     All class members face a substantial risk of serious harm as a result of King County's use of isolation and the Defendants' denial of an appropriate and adequate education.

5.3     The facts and claims meet the requirements of Fed. R. Civ. P. 23(a).

5.4     *Numerosity*: Joinder of all class members is impracticable because of the size of the class and the characteristics of the class members. At any given time, all of the children incarcerated at the RJC are at a significant risk of unconstitutional isolation and each is denied an appropriate education. Every month, additional class members cycle in and out of the RJC. Many of these children are unable to file lawsuits on their own because of their youth, disabilities, and lack of financial resources.

5.5     *Commonality*: There are questions of law and fact common to all members of the class, including but not limited to: whether King County's policies and practices of placing children in isolation pose a substantial risk of serious harm to the Plaintiff Class and violate rights guaranteed them by the Eighth and Fourteenth Amendments to the United States constitution and by Washington's constitution and laws; and whether the Defendants have unlawfully denied educational services in violation of the class members' Fourteenth Amendment rights, the Washington Constitution, the IDEA and applicable Washington laws.

5.6     *Typicality*: The claims of the named Plaintiff are typical of those of the class.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF- Page 14

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 464-0838 (phone); (206) 382-3386 (fax)

5.7     *Adequacy of Representation*: The named Plaintiff, his representative, and class counsel will fairly and adequately represent the interests of the class. The named Plaintiff and his representative have no interests in this matter that are antagonistic to other class members. Class counsel have many years of experience in civil rights and class action litigation.

5.8     Class-wide declaratory and injunctive relief are appropriate under Rule 23(b)(2) because the Defendants have acted or refused to act on grounds generally applicable to the class as a whole.

## VI.     JURISDICTION AND VENUE

6.1     This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1482. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and supplemental jurisdiction over the state law claims presented in this action pursuant to 28 U.S.C. § 1367.

6.2     This Court has jurisdiction to issue the declaratory relief requested pursuant to the Declaratory Relief Act, 28 U.S.C. §§ 2201 and 2202 and this Court may also grant injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

6.3     This Court has authority to award costs and attorneys' fees under 42 U.S.C. § 1988 and 20 U.S.C. § 1415.

6.4     Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2). King County is located in the Western District of Washington, and a substantial part of the events and omissions giving rise to the claims in this action occurred in this district.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF- Page 15

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 464-0838 (phone); (206) 382-3386 (fax)

## VII. CLAIMS FOR RELIEF

7.1 **First Claim**: By isolating children in the conditions described above, King County has acted under color of state law and has violated and continues to violate the named Plaintiff's and putative class members' rights under the Eighth Amendment and Fourteenth Amendment of the United States Constitution, which are actionable pursuant to 42 U.S.C. § 1983.

7.2 **Second Claim**: By isolating children in the conditions described above, King County has acted under color of state law and has violated and continues to violate the named Plaintiff's and putative class members' rights under Article I, section 14 of Washington's Constitution.

7.3 **Third Claim**: By isolating children, King County has violated and continues to violate its duty to protect and maintain the health, safety and welfare of the individual Plaintiff and the members of the Plaintiff class.

7.4 **Fourth Claim**: By denying all children an appropriate and adequate education, King County has acted under color of state law and violated and continue to violate the rights of the Plaintiff and the rights of putative class members under Article IX of the Washington Constitution.

7.5 **Fifth Claim**: By denying special educational services and resources to children held at the RJC, King County acted under color of state law and has violated and continues to violate the rights of named Plaintiffs and the rights of the putative class members under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq.

7.6 **Sixth Claim**: By denying all children an appropriate and adequate education,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF- Page 16

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 464-0838 (phone); (206) 382-3386 (fax)

King County has violated and continues to violate its duty to protect and maintain the health, safety and welfare of the individual Plaintiff and the members of the Plaintiff class.

7.7  **Seventh Claim:** By denying children held in isolation an appropriate and adequate education without due process of law, King County has acted under color of state law and their actions or inactions have violated and continue to violate the named Plaintiffs' and putative class members' rights under the Fourteenth Amendment of the United States Constitution, which are actionable pursuant to 42 U.S.C. § 1983.

## VIII.  RELIEF REQUESTED

The Plaintiff respectfully requests that this Court:

8.1  Certify this action as a class action.

8.2  Adjudge and declare that the actions, customs, conditions, policies, and practices described in this Complaint violate the rights of the Plaintiff and the class he seeks to represent under the federal and state constitutions and other applicable laws.

8.3  Preliminarily and permanently enjoin the Defendant, its agents, employees, and all persons acting in concert with them from subjecting the individual Plaintiff and the Plaintiff Class to the actions, customs, conditions, policies, and practices described in this Complaint.

8.4  Appoint a Special Master pursuant to Fed. R. Civ. P. 53 to oversee the Defendant's compliance with any orders the Court will issue in the future. Order the Defendants to provide all appropriate and necessary funds to compensate the Special Master for his or her duties.

8.5  Retain jurisdiction of this case until such time as the Defendant has fully complied with all orders of the Court or Special Master, and there is reasonable assurance that

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF- Page 17

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA 98104
(206) 464-0838 (phone); (206) 382-3386 (fax)

1  the Defendant will continue to comply in the future with these orders.

2       8.6     Award Plaintiff and the Plaintiff Class their reasonable attorneys' fees and costs

3  pursuant to 42 U.S.C. § 1988, 20 U.S.C. § 1415 and any other applicable statute or court rule.

4       8.7     Award Plaintiff and the Plaintiff Class such other and further relief as justice may

5  require.

6       Respectfully submitted this 20th day of October, 2017.

7                                    ATTORNEYS FOR PLAINTIFFS

8                                    COLUMBIA LEGAL SERVICES
                                     /s/ NICHOLAS B. STRALEY
9                                    Nicholas B. Straley, WSBA #25963
                                     Nicholas B. Allen, WSBA #42990
10                                   Michael Althauser, WSBA #49842
                                     Sujatha Branch, WSBA #51827
11                                   Attorneys for Plaintiffs
                                     Nick.Straley@Columbialegal.org
12                                   Nick.Allen@Columbialegal.org
                                     Michael.Althauser@Columbialegal.org
13                                   Sujatha.Branch@Columbialegal.org
                                     Columbia Legal Services
14                                   Institutions Project
                                     101 Yesler Way, Suite 300
15                                   Seattle, WA 98104
                                     (206) 464-0838 – phone
16                                   (206) 382-3386 – fax

17

18

19

20

21

22

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF- Page 18

COLUMBIA LEGAL SERVICES
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838 (phone); (206) 382-3386 (fax)