THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

C.S., *et al.*,

        Plaintiffs,

    v.

KING COUNTY, *et al.*,

        Defendants.

CASE NO. C17-1560-JCC

ORDER

This matter comes before the Court on Plaintiffs' motions to appoint guardian ad litem (Dkt. No. 30), approve settlement (Dkt. No. 24) and voluntarily dismiss (Dkt. No. 28). For the reasons described below, Plaintiffs' motions are GRANTED.

Plaintiffs ask the Court to approve settlements resolving their outstanding claims against King County and the Kent School District (Dkt. No. 24 at 3–4) and to appoint a guardian ad litem for minor Plaintiffs for purposes of settlement (Dkt. No. 30 at 2). The Court must do so when a minor plaintiff is involved in a settlement. *See* Fed. R. Civ. P. 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).

The proposed settlements resolve claims for alleged physical and emotional injuries resulting from King County's use of solitary involuntary confinement on Plaintiffs at the Maleng Regional Justice Center and the Kent School District's denial of educational services to Plaintiffs. (Dkt. Nos. 1, 24-1, 24-2.) While Plaintiffs filed a class action complaint (Dkt. No. 1),

the case has not been certified as a class action. Therefore, the proposed settlement has no impact on claims that any other party may have against Defendants.

George Yeannakis has evaluated and advised minor Plaintiffs D.B., K.C., and J.R. about the settlement proposals offered by Defendants. (*See* Dkt. No. 26-1.) The Court finds that Mr. Yeannakis is a fit and proper person to do so and, therefore, should be appointed guardian ad litem for minor Plaintiffs.

Under the terms of the proposed settlements, Plaintiffs will receive $240,000 from King County, less $25,000 in attorney fees, to be evenly apportioned amongst Plaintiffs, and $25,000 from the Kent School District, to be apportioned based upon the educational hours each Plaintiff was denied. (Dkt. No. 24 at 3–4.) The respective settlements were reached following two mediation sessions held with the assistance of Judge Paris Kallas. (*Id*. at 2.) Mr. Yeannakis investigated the settlements and spoke with Plaintiffs and their mothers and guardian. (Dkt. No. 26.) He represents that the settlements are fair and reasonable as to each minor Plaintiff and serves their best interests. (*Id*.) The Court notes that each Plaintiff will receive a significant financial settlement, and Defendants have agreed to take additional steps to address issues identified in Plaintiffs' complaint. (*See* Dkt. Nos. 1, 24-1, 24-2.)

The settlement is reasonable given the nature of the claims, the extent and type of injuries alleged, the inherent uncertainty of an outcome should the case proceed to trial, and the benefits to all parties of an expeditious resolution. Further, the financial amounts each Plaintiff will receive are commensurate with comparable cases. *See Doe v. Grays Harbor*, C17-5186-RBL, slip op. (W.D. Wash. Nov. 13, 2017). Therefore, the Court finds that the proposed settlements are in the best interests of minor Plaintiffs.

Accordingly, the Court ORDERS as follows:

- Plaintiffs' motion (Dkt. No. 24) to approve settlement is GRANTED.
- Plaintiffs' motion (Dkt. No. 30) to appoint Mr. Yeannakis as guardian ad litem for D.B., K.C., and J.R. is GRANTED.

1. - Plaintiffs motion (Dkt. No. 28) to dismiss[1] is GRANTED.

DATED this 20th day of August 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs move for voluntary dismissal (Dkt. No. 28) pursuant to Federal Rule of Civil Procedure 41(a)(2), as dismissal of this action is a condition of the settlement (*see* Dkt. Nos. 24-1, 24-2).

ORDER
C17-1560-JCC
PAGE - 3